# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT REGAN,<br><br>           Plaintiff,<br><br>     v.<br><br>JAMES A. YATES, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:09-cv-00460-OWW-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Vincent Regan, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 11, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.   Plaintiff's Claims

Plaintiff brings this action against Warden James A. Yates and Sergeant Navarro for violating his rights under the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of United States Constitution. Plaintiff's claims arise from the issuance of a Rules Violation Report (RVR) against him for mutual combat while he was housed at Pleasant Valley State Prison. As a result of being found guilty of the charge, Plaintiff was assessed a ninety-day credit forfeiture and loss of yard privileges for ten days. Plaintiff is awaiting a parole hearing, and alleges that he will face irreparable and permanent harm if his requests for a declaratory judgment and an injunction (1) expunging the RVR from his records and files, (2) staying any adverse action of the parole board should such adverse action occur as a result of the RVR, and (3) mandating a rehearing if the parole board decision is based in whole or in part on the RVR and reconsideration by parole board following expungement of the RVR are not granted.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). In this instance, because Plaintiff lost time credits as a result of being found guilty of the RVR, he is precluded from seeking relief in this section 1983 action. Plaintiff's section 1983 claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing

///

1 through a petition for writ of habeas corpus or the prison's internal administrative process. Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004).

### III. Conclusion and Recommendation

Plaintiff's section 1983 claims are barred because the length of Plaintiff's sentence was affected by the credit loss. Wilkinson, 544 U.S. at 81-2; Muhammad, 540 U.S. at 751. This deficiency is not capable of being cured through amendment, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 29, 2009**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE